CATHERINE E. HOLZHAUSER, SBN 118756
CHRISTOPHER O. HAMMER, SBN 272543
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA  95814-4714
Telephone:     (916) 325-2100
Facsimile:      (916) 325-2120
Email:          cholzhauser@beesontayer.com
                chammer@beesontayer.com

Attorneys for Plaintiff Trustees on Behalf of General Employees Trust Fund

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF GENERAL EMPLOYEES TRUST FUND, <br><br> Plaintiff, <br><br> v. <br><br> MERCHANTS BUILDING MAINTENANCE COMPANY, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

PLAINTIFF ALLEGES AS FOLLOW:

## **JURISDICTION AND VENUE**

1. This action arises under the National Labor Relations Act, 29 U.S.C. section 185, and under the Employee Retirement Income Security Act, 29 U.S.C. sections 1132 and 1145 for the administration of trust fund business.  This Court has jurisdiction as the Defendant's place of business is conducted in multiple San Francisco Bay Area counties, including the counties of San Francisco and Alameda.  29 U.S.C. §1132(e)(2).  Furthermore, the trust agreement, which is the basis for Plaintiff's claim, provides that legal action based on the agreement will be proper in the U.S. District Court for the Northern District of California. (Exhibit A, Section 8.07 (p.30))

///

///

2. <u>Intradistrict Assignment</u>.  The acts and/or omissions alleged herein arose in San Francisco County and Alameda County and thus this matter is properly assigned to the San Francisco or Oakland Division of the Northern District Court.

## PARTIES

3. Plaintiff Trustees on Behalf of General Employees Trust Fund ("Plaintiff" or "Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. sections 1002 and 1132(d). Plaintiff is a "Trust Fund" originally established by a Trust Agreement.  A copy of the Agreement and Declaration of Trust (restated as of September 1, 2010), and all Amendments, are attached as Exhibit "A".

4. Plaintiff is informed and believes and, on that basis, alleges that during all relevant times described in this complaint, Defendant Merchants Building Maintenance Company ("Defendant" or "Merchants") was a corporation doing business in San Francisco, California in addition to several other cities in the San Francisco Bay Area.

## FACTUAL ALLEGATIONS

5. Defendant is a signatory to Collective Bargaining Agreements ("CBA") with Service Employees International Union ("SEIU") Local 87 and with United Service Workers West ("USWW"), which obligate Defendant to make contributions on behalf of its employees to the Trust Fund.  A true and correct copy of the CBA with Local 87 is attached as Exhibit "B" and is incorporated by reference.  A true and correct copy of the CBA with USWW is attached as Exhibit "C" and is incorporated by reference.

6. Defendant is also a signatory to a Subscriber Agreement making Defendant a participant in the Plaintiff Trust Fund and binding Defendant to the terms and conditions of the Trust Agreement referenced herein.  A true and correct copy of the Subscriber's Agreement is attached as Exhibit "D" and is incorporated by reference.

7. Pursuant to the terms of the CBA and the Subscriber's Agreement, Defendant is bound to make contributions to the Trust Fund on behalf of its eligible employees and their dependents for medical, dental, vision, prescription drug and life insurance coverage.

1    8. Pursuant to the terms of the CBA and the Subscriber's Agreement, Defendant is bound
2 to transmit the contributions described above to the Trust Fund's Administrative Office by the tenth
3 (10th) day of the calendar month following the month in which the employee has worked.
4    9. Transmission of contributions must be received by the twentieth (20th) day of the
5 calendar month following the month in which the employee has worked.  Contributions are
6 considered delinquent if not fully transmitted and received by the Trust Fund by the 20th calendar
7 day.
8    10. If a contribution is delinquent, the Employer is bound to pay liquidated damages and
9 interest on the delinquent contributions.  Specifically, Article XIII, Section 8.06 provides for ten
10 percent (10%) liquidated damages for delinquent contributions that are paid more than two days past
11 the due date. If the Trust Fund files legal action to collect unpaid contributions, the liquidated
12 damages for delinquent contribution amounts increases to twenty percent (20%) of the contributions
13 which are due and unpaid.
14    11. In addition to liquidated damages, Article XIII, Section 8.05 provides for the
15 assessment of simple interest at the greater of (i) seven percent (7%) per annum, or (ii) the rate
16 prescribed by Section 6621(a)(2) of the Internal Revenue Code, from the date such contributions
17 were due until paid.  Interest also accrues on any assessed liquidated damages.
18    12. Article XIII, Section 8.07 provides that if the employer fails to make any contributions
19 timely, the Board of Trustees may take legal action to enforce collection and the employer shall be
20 liable for all reasonable expenses incurred in taking such action, including but not limited to court
21 costs, auditing fees, all legal expenses and costs, and attorneys' fees.
22    13. Pursuant to the Trust Agreement and Subscriber Agreement the Trustees of the Fund
23 are authorized to perform an audit of the records of any employer by an auditor of the Trustees' own
24 selection for the purpose of determining the accuracy and sufficiency of payments made by the
25 employer to the Trust Fund and otherwise determining whether the employer has complied with all
26 Trust Fund requirements. (See Exhibit A at Section 8.13; Exhibit D at ¶ 5).
27    14. On February 4, 2019, Plaintiff's auditor, National Compliance Services ("NCS"),
28 issued a demand notice to Defendant requesting payment of delinquent contributions, liquidated

damages, interest, and audit fees for the period January 1, 2017 to May 31, 2018 in the amount of $333,280.98.   A copy of the notice is attached as Exhibit "E" and is incorporated by reference.

15.   Plaintiff's counsel issued three follow-up demand notices to Defendant on December 12, 2019, January 31, 2020, and June 3, 2020.  Copies of the demand notices are attached as Exhibit "F" and are incorporated by reference.

16.    Defendant has failed to respond to Plaintiff's requests for payment of its delinquent contributions, liquidated damages, interest, and audit costs.

17.   NCS determined that Defendant currently owes $391,149.92 to the Trust Fund in delinquent contributions, liquidated damages, claims paid, audit fee, and interest.  A copy of the audit listing the amounts owed the Trust Fund is attached as Exhibit "G" and is incorporated by reference.

## CAUSE OF ACTION

### Collection of Delinquent Contributions

18.   Plaintiff realleges and incorporates by reference the allegations set forth above as though fully set forth herein.

19.   Defendant has not paid all contributions owed on behalf of covered employees and their dependents for the period of January 1, 2017 through May 31, 2018.  This failure resulted in a deficiency of $271,074.65 in delinquent unpaid contributions owed to the Plaintiff.  A breakdown of the amount owed is attached as Exhibit "G" and is incorporated by reference.

20.   Defendant owes $54,214.93 (20% of $271,074.65) in liquidated damages for late payment of the contributions owed for the period of January 1, 2017 through May 31, 2018.  The interest amount is unknown at this time because the underlying contributions have not been paid.  A breakdown of the amounts owed is attached as Exhibit "G" and is incorporated by reference.

21.   Defendant owes $57,557.83 in interest, calculated at an annualized rate of 7%, on its unpaid delinquent contributions and liquidated damages for the period January 1, 2017 through May 31, 2018.  A breakdown of amounts owed is attached as Exhibit "G" and is incorporated by reference.

22.   Defendant owes $61.51 in claims paid for the period of January 1, 2017 through May 31, 2018.  The amount is set forth in Exhibit "G" and is incorporated by reference.

23. Defendant owes Plaintiff $8,241.00 to conduct an audit of its unpaid delinquent contributions. The amount is set forth in Exhibit "G" and is incorporated by reference.

24. Despite repeated attempts by the Plaintiff to collect these amounts, Defendant has not paid the outstanding contributions, liquidated damages, claims paid, and audit fee. True and correct copies of the demand letters sent to Defendant are attached as Exhibits "E" and "F" and are incorporated by reference.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment ordering payment as follows:

1. $271,074.65 in unpaid contributions now due and owing for January 1, 2017 through May 31, 2018;
2. $54,214.93 in unpaid liquidated damages now due and owing for January 1, 2017 through May 31, 2018;
3. $61.51 in unpaid claims paid now due and owing for January 1, 2017 through May 31, 2018;
4. $57,557.83 in interest now due and owing on unpaid contributions and liquidated damages from January 1, 2017 through May 31, 2018;
5. $8,241.00 in audit fees.
6. Reasonable attorney's fees and costs in this action pursuant to 29 U.S.C. section 1132(g)(2)(D) and the Trust Agreement; and
7. For such other and further relief as may be proper.

Dated: September 30, 2020                    BEESON, TAYER & BODINE, APC

                                             By:   */s/ Catherine E. Holzhauser*
                                                   CATHERINE E. HOLZHAUSER
                                                   CHRISTOPHER O. HAMMER
                                             Attorneys for Trustees on Behalf of General
                                             Employees Trust Fund