EXHIBIT A

RESTATED

TRUST AGREEMENT

for

# GENERAL EMPLOYEES TRUST FUND

✿ ✿ ✿

Effective February 1, 1973

(Restated September 1, 2010)

✿ ✿ ✿

## GENERAL EMPLOYEES TRUST FUND TRUST AGREEMENT,
### Restated on September 1, 2010

THIS TRUST AGREEMENT for the General Employees Trust Fund, originally dated February 1, 1973 and entitled Trust Indenture and restated October 10, 1991 and July 1, 1999, is hereby restated effective September 1, 2010.

WHEREAS, the parties hereto are parties to certain collective bargaining agreements which expressly provide that the Employer agrees to make contributions to a trust fund to be jointly administered by an equal number of representatives of the Employer and the Union and to be applied pursuant to the provisions of this Trust Agreement to provide for insurance for medical care, prescription drugs and other benefits, such as dental care and life and disability insurance, as may be permitted by law, for employees of the Employer; and

WHEREAS, it is the intent and purpose of this Trust Agreement to provide for a plan setting forth the administration of the trust fund to be created by contributions, the benefits to be accorded to the employees and the general administration of the Trust Fund;

SO IT IS NOW HEREBY AGREED THAT THIS AMENDED AND RESTATED TRUST AGREEMENT BE ADOPTED, providing as follows:

# TABLE OF CONTENTS

**SECTION**                                                                **PAGE**

ARTICLE I - DEFINITIONS ........................................................................... 1

    Section 1.01 Agreement ....................................................................... 1

    Section 1.02 Association......................................................................... 1

    Section 1.03 Beneficiary ....................................................................... 1

    Section 1.04 Benefits............................................................................ 1

    Section 1.05 Board of Trustees ........................................................... 1

    Section 1.06 Collective Bargaining Agreement ................................... 1

    Section 1.07 Contributions .................................................................. 1

    Section 1.08 Employee ........................................................................ 2

    Section 1.09 Employer ......................................................................... 2

    Section 1.10 Employer Contributions................................................... 2

    Section 1.11 Employer Trustees .......................................................... 2

    Section 1.12 ERISA ............................................................................. 2

    Section 1.13 Fund ............................................................................... 2

    Section 1.14 Interested Party or Parties ............................................. 3

    Section 1.15 Participant ...................................................................... 3

    Section 1.16 Plan ................................................................................ 3

    Section 1.17 Subscription Agreement ................................................. 3

    Section 1.18 Third Party Administrator ............................................... 3

    Section 1.19 Trust or Trust Fund ........................................................ 3

    Section 1.20 Trust Agreement ............................................................ 3

    Section 1.21 Trustee ........................................................................... 4

    Section 1.22 Union or Unions ............................................................. 4

    Section 1.23 Union Trustees ............................................................... 4

ARTICLE II - EMPLOYERS NOT MEMBERS OF THE ASSOCIATION ......................... 4

    Section 2.01 Non-Member Employers .................................................. 4

    Section 2.02 Union Considered to be Employer ................................. 4

ARTICLE III - GENERAL PROVISIONS ......................................................... 5

    Section 3.01 Trust Agreement Binding ............................................... 5

Section 3.02 Establishment and Continuation of the Fund ................................... 5

Section 3.03 Purpose of the Fund ....................................................................... 5

Section 3.04 Restriction of Fund to Trust............................................................. 6

Section 3.05 Restrictions of Participants' and Beneficiaries' Rights ................... 6

Section 3.06 Limitation on Interest........................................................................ 7

Section 3.07 Non-Liability for Debts..................................................................... 7

Section 3.08 Reliance on Authority of Trustees to Act ........................................ 7

ARTICLE IV - BOARD OF TRUSTEES - GENERAL PROVISIONS .............................. 8

Section 4.01 Administration by the Board of Trustees.......................................... 8

Section 4.02 Selection of Trustees ...................................................................... 8

Section 4.03 Employer Trustees........................................................................... 8

Section 4.04 Union Trustees ................................................................................ 8

Section 4.05 Certification of Appointments .......................................................... 9

Section 4.06 Written Acceptance of Appointment as Trustee ............................. 9

Section 4.07 Resignation and Removal of Trustees; Vacancies ......................... 9

Section 4.08 Alternate Trustees........................................................................... 9

Section 4.09 Compensation of Trustees............................................................. 10

ARTICLE V - PROCEDURE OF BOARD OF TRUSTEES........................................... 10

Section 5.01 Chairman and Secretary; Minutes of the Meetings;

              Authority to Execute Certain Instruments ..................................... 10

Section 5.02 Time and Place of Trustee Meetings;

              Notice and Waiver of Notice ....................................................... 11

Section 5.03 Quorum;  Majority Rule ................................................................. 12

Section 5.04 Action of Trustees without Meeting ............................................... 12

Section 5.05 Conflict of Interest ........................................................................ 12

Section 5.06 Rules of Procedure for Meetings ................................................... 12

Section 5.07 Deadlock of Trustees; Appointment of Umpires; Arbitration ......... 12

ARTICLE VI - DUTIES AND POWERS OF TRUSTEES.............................................. 14

Section 6.01 Rights to Title and Interest of Trustees ......................................... 14

Section 6.02 Corporate Fiduciary ...................................................................... 14

Section 6.03 Trustees Empowered to Administer............................................... 15

Section 6.04 Adoption of Health and Welfare Plans ........................................... 21

Section 6.05 Finality of Decisions ........................................................................ 22

Section 6.06 Amendments ................................................................................... 22

Section 6.07 Trustees' Power to Borrow, Pledge, Assign and Hypothecate ..... 22

Section 6.08 Records and Information; Annual Audit and Report...................... 22

Section 6.09 Other Reports ................................................................................. 22

Section 6.10 Fiduciary Duties; Standard of Care ............................................... 23

Section 6.11 Prohibited Transactions .................................................................. 23

Section 6.12 Addition of Participants Not Represented by the Union ................ 23

Section 6.13 Resolution of Disputes Concerning Beneficiaries ........................ 23

Section 6.14 Expedited Arbitration of Claims against Employers ...................... 24

ARTICLE VII - LIABILITY OF TRUSTEES ..................................................... 25

Section 7.01 Limitation on Trustee Liability; Indemnification of Trustees .......... 25

Section 7.02 Additional Limitation of Liability ..................................................... 26

ARTICLE VIII - EMPLOYER CONTRIBUTIONS ............................................ 27

Section 8.01 Contribution Reports ...................................................................... 27

Section 8.02 Contributions Required .................................................................. 27

Section 8.03 Due Date for Contributions and Reports ....................................... 28

Section 8.04 Failure to Make Required Contributions......................................... 28

Section 8.05 Interest ........................................................................................... 28

Section 8.06 Liquidated Damages ...................................................................... 29

Section 8.07 Collection Actions........................................................................... 30

Section 8.06 Improper Payments........................................................................ 30

Section 8.09 Scope of Employer Liability............................................................ 30

Section 8.10 Continuation of Contributions During Negotiations;

                    Employer Withdrawal .................................................................... 31

Section 8.11 Credit or Refund............................................................................. 31

Section 8.12 Employer Information; Discrepancies in Data ................................ 32

Section 8.13 Auditing of Employer Contributions............................................... 32

ARTICLE IX - AMENDMENT AND TERMINATION ....................................................... 34

    Section 9.01 Amendment of Trust Agreement.................................................... 34

    Section 9.02 Authorization of Trustees  ............................................................. 34

    Section 9.03 Limitations of Modifications and Amendments............................... 35

    Section 9.04 Conformation of Trust Agreement to Governing Law ................... 35

    Section 9.05 Obligations of Employers  .............................................................. 35

    Section 9.06 Discharge of Obligations or Termination ....................................... 35

    Section 9.07 Distribution of Assets upon Merger; Successor Trust Fund .......... 36

ARTICLE X - REPORTS ................................................................................................ 36

    Section 10.01 Information to be Furnished to Participants and Beneficiaries ... 36

    Section 10.02 Information to be Filed with Secretary of Labor .......................... 36

ARTICLE XI - MISCELLANEOUS ................................................................................. 36

    Section 11.01 Federal and California Law Applicable ....................................... 36

    Section 11.02 Severability of Provisions........................................................... 37

    Section 11.03 Notice ........................................................................................ 37

    Section 11.04 Agreement Subject to Tax Regulations ...................................... 37

    Section 11.05 Confidentiality of Trust Fund Documents ................................... 38

    Section 11.06 Gender and Number................................................................... 38

    Section 11.07 Claims; Exhaustion of Remedies............................................... 38

## ARTICLE I - DEFINITIONS

**Section 1.01**        **Agreement** means this Trust Agreement and any modifications, amendments, extensions, or renewals thereof.

**Section 1.02**        **Association** means any multi-employer association bound to a Collective Bargaining Agreement with the Union, under which Employer members of the Association are required to make contributions to the Trust Fund.

**Section 1.03**        **Beneficiary** means a person designated by a Participant, or by the terms of the Plan, who is or may become entitled to benefits thereunder.

**Section 1.04**        **Benefits** means such insurance coverage or other benefits incidental to the health and welfare of the Participants and Beneficiaries as the Trustees deem fit to procure or provide.

**Section 1.05**        **Board of Trustees** means the Trustees acting collectively as a body as trustees of the Trust Fund.

**Section 1.06**        **Collective Bargaining Agreement** means any agreement in writing between the Union and any Association, Employer or other employer as defined in the Labor Management Relations Act of 1947, as amended (29 U.S.C. §141, et seq.) which covers wages, fringe benefits, hours or other conditions of employment of employees and/or which requires Contributions to be made to this Trust Fund.

**Section 1.07**        **Contributions** means any payments made, or required to be made, to the Trust Fund by an Employer pursuant to a Collective Bargaining Agreement or pursuant to any other written agreement or pursuant to any arrangement agreed to by the Board of Trustees, or by a Union or a related organization in accordance with Section 2.02 of this Agreement.

**Section 1.08**      **Employee** means any person who performs or has performed work covered under a Collective Bargaining Agreement and for whom the Employer is obligated to make a contribution to the Trust Fund; or any qualified employee, agent or representative of the Union or a related organization which is participating herein as an Employer pursuant to Section 2.02 of this Agreement, who performs employment for which the Employer has agreed to make contributions to the Trust Fund.

**Section 1.09**      **Employer** means any Association employer or other employer that is required to make payments to the Trust Fund pursuant to a Collective Bargaining Agreement, either between an Association and the Union or between an individual employer and the Union or any entity that is required to make payments to the Trust Fund pursuant to a Subscription Agreement between an individual employer and the Trust Fund.

**Section 1.10**      **Employer Contributions** means any payments made, or required to be made, to the Trust Fund by an Employer pursuant to a Collective Bargaining Agreement or pursuant to any other written agreement or pursuant to any arrangement agreed to by the Board of Trustees, or by a Union or a related organization in accordance with Section 2.02 of this Agreement.

**Section 1.11**      **Employer Trustees** means those Trustees appointed by the Employer Trustees.

**Section 1.12**      **ERISA** means the Employee Retirement Income Security Act of 1974, as amended from time to time, 29 U.S.C. §1001, et seq.

**Section 1.13.**      **Fund** means the General Employees Trust Fund and includes all of the assets and property of the Trust, real and personal, including but not limited to, Contributions required by the Collective Bargaining Agreements, Contributions required by the Subscription Agreements, and disbursements of funds from pre-existing trusts together with any accretions thereto.

**Section 1.14**     **Interested Party or Parties** means any persons, corporations, partnerships, trusts, associations or other organizations claiming any interest under the Trust Agreement, including but not limited to, the Associations, the Union, members of the Associations, Employers, and employees who are not members of the Union who are parties to the Trust Agreement under a Subscription Agreement, and Participants and other Beneficiaries hereunder.

**Section 1.15**     **Participant** means employees, including employees of the Union on whose behalf Contributions are required to be made.  Participant also includes partners, proprietors, and employees not covered under the terms of a Collective Bargaining Agreement, but only where a Collective Bargaining Agreement or Subscription Agreement exists and subject to rules for participation as determined by the Trustees.

**Section 1.16**     **Plan** means the plan or plans established by the Trustees from time to time, pursuant to this Agreement.

**Section 1.17**     **Subscription Agreement** means any written agreement between the Trust and an employer whereby an employer agrees to make payments to the Trust, and to be bound by the terms of the Trust Agreement.

**Section 1.18**     **Third Party Administrator** means the entity with which the Trustees may, from time to time, contract for administration of the Plan.

**Section 1.19**     **Trust or Trust Fund** means the General Employees Trust Fund and includes all of the assets and property of the Trust, real and personal, including but not limited to, Contributions required by the Collective Bargaining Agreements, Contributions required by the Subscription Agreements, and disbursements of funds from pre-existing trusts together with any accretions thereto.

**Section 1.20**     **Trust Agreement** means this Trust Agreement and any modifications, amendments, extensions, or renewals thereof.

**Section 1.21**          **Trustee** means any person designated as a Trustee, pursuant to Article IV, below.

**Section 1.22**          **Union** or **Unions** means Service Employees International Union, Local No. 87 and/or Local No. 1877, and/or any other labor organization as approved by the Board of Trustees.

**Section 1.23**          **Union Trustees** means those Trustees appointed by the Union.

## ARTICLE II - EMPLOYERS NOT MEMBERS OF THE ASSOCIATION

**Section 2.01**          **Non-Member Employers**

Any employer who is not a member of an Association shall become bound to this Trust Agreement by (a) signing a Collective Bargaining Agreement with any of the Unions which provides for Contributions to be made to the Trust Fund or (b) signing a Subscription Agreement which is accepted by the Trustees.   Upon becoming bound to this Trust Agreement, such employer assumes all the obligations of the Trust Agreement and is entitled to all rights under it, and is subject to it in all respects as it now stands or as it may be hereafter amended.

**Section 2.02**          **Union Considered to be Employer**

The Union shall be considered an Employer under this Trust Agreement solely and exclusively for the purpose of permitting the Union to contribute to the Fund on behalf of its employees in an amount fixed by the Trustees, and to permit such employees to be Participants in the Trust.   Such employees shall be limited to those persons who perform paid work for the Union or a related entity as officers, employees, agents or representatives.   A related entity means any labor organization, apprenticeship training school, or similar organization, which the Trustees determine, in their sole discretion, to be affiliated or associated with the Union, and which executes a Subscription Agreement with the Trust Fund, which describes the terms under which Contributions are to be made to this Trust Fund.  In this capacity as Employer, the Union and the related organizations shall

have no rights, privileges or powers as an Employer under the Agreement or the Plan, except to make Contributions or to receive credits pursuant to Article VIII of this Agreement. If any situation shall arise in which the rules of the Plan are not applicable to the Union and/or the related organizations and their Employees, then the Board of Trustees shall have the power to make appropriate rules and regulations with respect to the Union, the related organizations, and their Employees, provided that such rules and regulations are not inconsistent with the Plan or this Agreement.

## ARTICLE III - GENERAL PROVISIONS

### Section 3.01      Trust Agreement Binding

This Agreement shall be binding upon all members of the Associations, any Employers who are not members of the Associations, the Union, the Trustees, and the respective successors and assigns of all the aforementioned, in perpetuity. In the event of a reorganization, by merger or otherwise, of any participating Union, the Agreement will be binding upon the labor organizations resulting from that reorganization. However, the duration of the Trust Fund shall not exceed any period established by law.

### Section 3.02      Establishment and Continuation of the Fund

The General Employees Trust Fund, created on February 1, 1973, and restated effective October 10, 1991, July 1, 1999 and September 1, 2010, is hereby continued in full force and effect. The Board of Trustees, and only the Board of Trustees, may use the name "General Employees Trust Fund" to designate the Trust Fund or the Board of Trustees, collectively, in transactions of, and on documents of, the Trust Fund.

### Section 3.03      Purpose of the Fund

(a)     It is the spirit and intent of this Trust Agreement that the General Employees Trust Fund is established solely for the benefit of Participants and Beneficiaries, and shall be devoted primarily to the purpose of purchasing and/or providing insurance benefits or other benefits for the health and welfare of its Participants and Beneficiaries; and for the creation of a reasonable surplus reserve to purchase such

insurance benefits in the future when, because of economic conditions, the monthly Contributions might be insufficient for this purpose. All such benefits shall be provided in a nondiscriminatory manner.

(b)     The Trust Fund may provide benefits through a contract or contracts with, or a policy or policies issued by one or more licensed insurance carriers, or by means other than such contracts or policies, including, without limitation, direct payment of benefits to Participants and Beneficiaries or to providers of covered services or supplies from the Fund in accordance with a Plan. Notwithstanding the right of qualified Participants and Beneficiaries to receive such benefits, no Employee or member of an Employee's family shall be entitled to receive a distribution of the assets of the Trust except as provided in a Plan of the Fund or in the plan of another employee welfare benefit provided by the Fund, or to receive any part of a payment required to be made to the Fund in lieu of benefits provided under a Plan.

**Section 3.04        Restriction of Fund to Trust**

At no time, whether during or after the termination of this Trust, shall any part of the fund revert to any Employer, Association, Union, any other labor organization, any member of the Union, any Employee, any Participant, any Beneficiary or any other person or entity, except as specifically provided in this Agreement. However, nothing herein shall be construed to prevent the Trustees from contracting with a party-in-interest for services in connection with the administration of the Plan, to the extent permitted under Section 408(b) of ERISA, 29 U.S.C. §1108(b).

**Section 3.05        Restrictions of Participants' and Beneficiaries' Rights**

No Participant or Beneficiary entitled to any benefits under this Trust Agreement shall have the right to assign, transfer, encumber, pledge, mortgage, hypothecate, anticipate, or impair in any manner these benefits, save and except an assignment to a physician, surgeon, hospital, medical laboratory, medical technician or other service provider as approved by the Trustees. The Trust Fund and the assets thereof shall not be liable for the debts of any Participant or Beneficiary entitled to any benefits under this Trust

Page 6

Agreement, nor be subject to attachment or execution or other process of any court. The Trustees shall have no power to make any payment or distribution to any person entitled to any benefits under this Trust Agreement or under any plan of benefits provided pursuant thereto, except as may otherwise be specifically provided in this Trust Agreement or such plan of benefits, or except to the Participant or Beneficiary personally. Specifically, and without limitation, the Trust shall not be obligated to pay benefits to or on behalf of a Participant or Beneficiary when an Employer has failed to make timely Contributions to the Trust, except as provided by policies adopted by the Board of Trustees.

**Section 3.06     Limitation on Interest**

No Association, Employer, Union, Employee, Participant or Beneficiary shall have any right, title or interest in the Trust other than as specifically provided in this Agreement.

**Section 3.07     Non-Liability for Debts**

Neither any Association, any Employer, the Union, any Employee, nor any Participant or Beneficiary shall be liable or responsible for any debts, liability or obligations of the Trust or the Trustees.

**Section 3.08     Reliance on Authority of Trustees to Act**

No person or entity that has verified that he, she or it is dealing with the duly appointed Board of Trustees, or any authorized representative of them, shall be obligated to see to the application of any money or property of the Trust, or to see that the terms of the Trust Agreement have been observed, or to inquire as to the necessity or expediency of any act of the Board of Trustees. Every instrument executed by the Board of Trustees shall be conclusive in favor of every person who relies on it, that (a) at the time of delivery of the instrument, this Trust Agreement was in full force and effect, (b) the instrument was executed in accordance with the terms and conditions of the Trust Agreement, and (c) the Board of Trustees was duly authorized and empowered to execute the instrument or direct its execution.

## ARTICLE IV - BOARD OF TRUSTEES - GENERAL PROVISIONS

**Section 4.01        Administration by the Board of Trustees**

The Trust Fund shall be administered by the Board of Trustees. The Trustees are expressly designated as fiduciaries, and shall have exclusive authority and discretion, except as limited by the Collective Bargaining Agreements, to control and manage the operation and administration of the Fund and to establish, administer and interpret the Plan. The Board of Trustees, acting jointly, shall be the "administrator" of the Trust Fund, as that term is defined in ERISA [29 U.S.C. § 1002(16)(A)].

**Section 4.02        Selection of Trustees**

The Board of Trustees shall consist of four (4) Employer Trustees and four (4) Union Trustees. The designation of a Trustee as Employer or Union is made only to comply with Section 302(c) of the Labor Management Relations Act of 1947, 29 U.S.C. §186(c), and shall in no way be interpreted to permit the Trustees to act as agents of the Union, the Employers, or any other entity, in derogation of their duty to act solely in the interest of the Participants and Beneficiaries of the Trust Fund.

**Section 4.03        Employer Trustees**

There shall be four (4) Employer Trustees who shall be appointed by the Employer Trustees. Such appointment shall be in writing and deposited in the office of the Trust Fund.

**Section 4.04        Union Trustees**

There shall be four (4) Union Trustees. SEIU Local No. 87 shall be entitled to appoint one (1) Trustee and SEIU Local No. 1877 shall be entitled to appoint three (3) Trustees. Such appointment shall be in writing and deposited in the office of the Trust Fund.

**Section 4.05        Certification of Appointments**

The appointment of Trustees shall be certified in the following manner.   The appointment of Employer Trustees shall be certified by a letter signed by a majority of the Employer Trustees, notifying the Board of Trustees of the appointment.  The appointment of Union Trustees shall be certified by a letter signed by the principal officer of the Union from which the appointment is being made, notifying the Board of Trustees of the appointment.

**Section 4.06        Written Acceptance of Appointment as Trustee**

A written acceptance of the appointment of any Trustee agreeing to be bound by the terms of this Trust must be delivered to the office of the Trust Fund or by attending a meeting of the Board of Trustees and orally so stating. In either event, said Trustees shall be vested with all of the estate, rights, powers and discretion and shall assume all the duties and obligations of a Trustee.  Those Trustees and alternate Trustees who sign this restated Trust Agreement shall be deemed to have been duly and properly appointed.

**Section 4.07        Resignation and Removal of Trustees; Vacancies**

Any Trustee may resign at any time by delivering to the Board of Trustees a written resignation taking effect not later than thirty (30) days thereafter.  Any Trustee may be removed from his office at any time, for any reason, by the party or parties appointing him, which removal shall become effective upon delivery of notice thereof to the office of the Trust Fund. If a vacancy occurs for any reason, a successor Trustee shall be appointed in the same manner provided in this Trust Agreement for the appointment of Employer Trustees and Union Trustees, respectively.   No vacancy or vacancies shall impair the power of the remaining Trustees to administer the Trust Fund, provided there are sufficient Trustees to constitute a quorum.

**Section 4.08        Alternate Trustees**

Two (2) alternate Employer Trustees at-large may be appointed by the Employer Trustees and two (2) alternate Union Trustees at-large may be appointed by the Union Trustees.  The appointment of alternate Trustees shall be in writing and deposited in the

office of the Trust Fund.  Alternate Trustees shall be entitled to notice of all meetings of the Board of Trustees, and shall be entitled to attend such meetings.  If a primary Trustee is absent from a meeting, the alternate Trustee from the same side with the longest continuous service as an alternate Trustee may vote and act in his place.  In the event of multiple absences of primary Trustees, alternate Trustees from the same side shall be designated in accordance with seniority as provided herein to vote and act in their places.

**Section 4.09        Compensation of Trustees**

The Board of Trustees may provide for reasonable compensation for, and reimbursement of necessary expenses incurred by, Trustees in the performance of their duties as Trustees.  However, no person who already receives full-time pay from an Employer, an association of Employers, or the Union may receive more than reimbursement for expenses properly and actually incurred.

## ARTICLE V - PROCEDURE OF BOARD OF TRUSTEES

**Section 5.01        Chairman and Secretary; Minutes of the Meetings;**
**                    Authority to Execute Certain Instruments**

(a)     The Trustees shall select from among themselves a Chairman and Secretary, one of whom shall be from the Employer Trustees and the other from the Union Trustees.  In the even-numbered years, the Chairman shall be a Union Trustee and the Secretary shall be an Employer Trustee.  In the odd-numbered years, the Chairman shall be an Employer Trustee and the Secretary shall be a Union Trustee.

(b)     The Chairman shall be responsible for the conduct of the meeting.  The Secretary shall be responsible for the minutes or records of all meetings, proceedings and acts of the Trustees.

(c)     Copies of all minutes and proceedings shall be mailed to all Trustees a reasonable time after the meeting or proceeding.  All other Interested Parties may contact their

respective Trustees for information regarding any minutes or proceedings of the Trustees.

(d)     The Trustees may authorize any two (2) of the Trustees to execute checks, instruments, contracts, and other documents on behalf of all the Trustees; but at all times one of the two so authorized to act shall be an Employer Trustee and the other shall be a Union Trustee.

**Section 5.02        Time and Place of Trustee Meetings; Notice and Waiver of Notice**

The Trustees shall determine the time and place for regular periodic meetings. Trustees shall hold meetings at least once every six (6) months. Either the Chairman or the Secretary, or any two or more Trustees, may call a special meeting provided that at least one of such Trustees is an Employer Trustee and at least one of such Trustees is a Union Trustee. Notice of the time and place of special meetings shall be accomplished by each of the two Trustees requesting the meeting contacting the Chairman and providing the Chairman with the requested meeting date. The Chairman shall thereafter contact the Third-Party Administrator who shall immediately notify all Trustees of the special meeting by the most expeditious means available to ensure that actual notice is received. The notice shall specify the purpose and place of the meeting and shall set forth the meeting agenda. The transactions of any meeting of the Trustees, however called and noticed or wherever held, shall be as valid as though had at a meeting duly held after regular call and notice and if a quorum is present and if each Trustee present (a) has received notice of the meeting, or (b) attends the meeting without protesting before or at the beginning of the meeting, the lack of notice to such Trustee, or (c) before or after the meeting signs a waiver of notice, a consent to holding the meeting, or an approval of the minutes of the meeting. All such waivers, consents, and approvals shall be filed with the Trust Fund records or made a part of the minutes of the meeting.

**Section 5.03        Quorum; Majority Rule**

To constitute a quorum at any regular or special meeting of the Board of Trustees, there must be present in person at least two (2) Employer Trustees and at least two (2) Union Trustees.

Each Trustee shall have one (1) vote and all actions of the Trustees shall be by majority vote; provided that at any meeting where a Trustee is absent and the Alternate Trustee is also absent, then in such event, the vote of the absent Employer Trustee shall be divided equally among the present Employer Trustees and the vote of the absent Union Trustees shall be divided equally among the present Union Trustees.

**Section 5.04        Action of Trustees without Meeting**

Upon any matter which may properly come before the Trustees, they may act in writing without a meeting; but such action in writing without a meeting shall require the written concurrence of all Trustees.

**Section 5.05        Conflict of Interest**

No Trustee who is a Participant shall be allowed to vote on any question relating specifically to himself, except when the question relates to benefits generally.

**Section 5.06        Rules of Procedure for Meetings**

To the extent that procedures are not set forth herein, the procedure set forth in Roberts Rules of Order shall apply to meetings of the Board of Trustees.

**Section 5.07        Deadlock of Trustees; Appointment of Umpires; Arbitration**

(a)    In the event that the Trustees deadlock on any matter arising in connection with administration of the Trust, or within the power of the Board of Trustees, they shall agree upon a neutral person to serve as an impartial umpire to decide the dispute. The Employer Trustees and the Union Trustees may, by mutual agreement, select an equal number of representatives from their respective Trustee groups to sit with the umpire to constitute a board of arbitration.  The decision of a majority of the

board of arbitration or the decision of the impartial umpire, as the case may be, shall be final and binding upon the Trustees, the Employers, the Associations, the Unions, the Participants and Beneficiaries.

(b)     In the event that the Trustees deadlock on any matter arising in connection with the administration of the Trust, or within the power of the Board of Trustees, any three (3) Trustees may make a written demand for the appointment of an impartial umpire; if no decision on such appointment is reached within thirty (30) calendar days after such written demand, or within such further time as the Trustees mutually agree upon, either the Employer Trustees or the Union Trustees may petition the Chief Judge of the United States District Court, Northern District of California, for the appointment of an impartial umpire.

(c)     Any matter in dispute and to be arbitrated shall be submitted to the board of arbitration or the impartial umpire, as the case may be, in writing, and in making its or his decision, the board or umpire shall be bound by the provisions of this Trust Agreement and shall have no authority to alter or amend the terms thereof.  All pertinent evidence may be introduced in said arbitration.  If the Trustees cannot jointly agree upon a statement submitting said matter to arbitration, each group shall prepare and state in writing its version of the dispute and the question or questions involved, and submit it to the board or umpire within ten (10) calendar days of its or his appointment.  The board or umpire shall decide the dispute on the basis of the written statements, unless either side demands a hearing.  The decision of the board or umpire shall be rendered in writing within fifteen (15) calendar days after the submission of the dispute or within such additional time as authorized by the Trustees.

(d)     The reasonable legal fees and expenses of such arbitration, including any necessary court proceedings to secure the appointment of an umpire or the enforcement of the arbitration award (excluding the fees and expenses of witnesses called by the parties) shall be a proper charge against the Trust.  The Employer

Page  13

Trustees, collectively, shall be entitled to include in such costs expert witness fees and the reasonable costs and fees for employing one attorney to represent them in such arbitration.  The Union Trustees, collectively, shall be entitled to include in such costs expert witness fees and the reasonable costs and fees for employing one attorney to represent them in such arbitration.  No expense shall be deemed reasonable under this Section unless and until approved by the Board of Trustees.

(e)     No matter in connection with the interpretation or enforcement of any Collective Bargaining Agreement shall be subject to arbitration under this Section nor shall any matter in connection with the interpretation or enforcement of any provisions of this Trust Agreement be subject to the grievance procedure or any other arbitration procedure provided for in any of the Collective Bargaining Agreements.

## ARTICLE VI - DUTIES AND POWERS OF TRUSTEES

### Section 6.01          Rights to Title and Interest of Trustees

The Trustees shall be vested with all rights, title and interest in and to the Trust Fund and other properties of the Trust for uses, purposes and duties set forth in this Trust Agreement.

### Section 6.02          Corporate Fiduciary

The Board of Trustees may select a corporate fiduciary to receive, on behalf of the Trust, all Employer Contributions payable by Employers of this Trust.  The Trustees may delegate appropriate fiduciary powers and duties to the corporate fiduciary, including, but not limited to, the following powers: to be co-holder of title to any assets of the Trust; to make distributions from the Trust, pursuant to instructions from, or other authority granted by, the Trustees; and to make investments for the Trust, pursuant to instructions from the Trustees or from an investment manager selected by the Trustees.  The Trustees, subject to any contract with a corporate fiduciary, shall at all times have the power to amend this Trust Agreement so as to eliminate the corporate fiduciary, and to assume unto themselves, or to otherwise provide for, the exercise of any or all of the functions of such

corporate fiduciary, provided, however, that the assets of the Trust shall at all times be in the custody of a custodian, selected by the Trustees, which shall be a corporation qualified to render trust and/or banking services in the State of California.

**Section 6.03      Trustees Empowered to Administer**

The Trustees shall have the power to administer this Trust.   In addition to the powers provided elsewhere in the Trust Agreement, the Trustees shall have all general and incidental powers appropriate to the administration of this Trust.   Any power reasonably necessary for this administration which is not to be exercised by others shall be vested in the Trustees.   Included within their powers, but not by way of limitation, shall be the power:

(a)     To adopt, amend, and terminate Plans within its sole discretion, in any manner not inconsistent with this Trust Agreement, and to interpret within its sole discretion any and all terms of the Plans.

(b)     To appoint and employ a Third-Party Administrator with the duties hereinafter defined.

(c)     To determine the type and amount of benefits to be procured for the Participants and their Beneficiaries, and, subject to any applicable laws, the manner and conditions of their payment, it being understood that an increase or decrease in the benefits, or a change in the type or nature thereof, may be made by the Trustees at such times as, within their discretion, they shall determine to be desirable or expedient.

(d)     To provide for such benefits through self-insurance and/or through the purchase of contracts of insurance or policies issued by licensed insurance carriers, by contracting with one or more health maintenance organizations or preferred provider organizations, or through any combination of the same, or by any other lawful method or methods as may be necessary and proper to place in effect and maintain

Page  15

such Plans, for the purchase of the type and amount of benefits so determined, or otherwise to provide for benefits.

(e)     To verify claims for the payment of benefits and to determine whether the conditions for the payment of benefits have been fulfilled.

(f)     To determine the manner of payment of benefits.

(g)     To decide all questions relating to eligibility, amount and kind of benefits, and any similar or related questions arising in the administration of this Trust Fund and the Plan.

(h)     To collect, receive, hold and disburse all sums of money which are payable to or by the Trust Fund, and to establish reserve funds as they deem necessary to provide for the administrative expenses and other obligations of the Trust Fund.

(i)     To deposit any funds received by the Trust Fund in such bank or banks as the Board of Trustees may select, and to withdraw such funds for the purposes permitted by this Agreement.

(j)     To pay out of the Fund such sums as may be necessary for the purposes of the Trust Fund, including all sums necessary to establish and administer the Trust.

(k)     To offset future claims for benefits from the Trust Fund against claims paid pursuant to the fraudulent conduct of any Participant or Beneficiary.

(l)     To terminate participation in the Trust Fund by any Participant or Beneficiary for partaking in fraudulent conduct towards the Trust Fund.

(m)     To establish an administrative office; to lease, purchase or otherwise secure premises necessary for such purposes; to purchase, lease or otherwise acquire

furniture, fixtures, equipment and supplies necessary or desirable for the maintenance of such offices and the administration of the Trust and the Plans.

(n)    To employ and retain actuaries, brokers, consultants, attorneys, accountants, investment advisers, office staff and other suitable agents, experts and employees and/or other persons as the Trustees in their discretion may deem necessary or appropriate, whether to perform tasks for the Trust Fund or to render advice with respect to any responsibility of the Trustees; to pay or cause to be paid compensation and expenses in connection therewith; and to delegate any appropriate powers and duties to those parties, including fiduciary duties, to the extent permitted by the laws of the United States.

(o)    To sell, exchange, lease, convey and otherwise dispose of any property of the Trust Fund, upon such terms as they may deem proper; to execute and deliver any and all instruments of conveyance in connection therewith; and to delegate, in writing, to the corporate fiduciary, Administrator, Chairman or Secretary of the Board of Trustees, or other agents the power to execute such instruments.

(p)    To pay or provide for the payment of all real and personal property taxes, and other taxes or assessments of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust, or any money or property forming a part thereof, or the Plans.

(q)    To incur and pay any other expense properly incurred in connection with the establishment and administration of the Trust Fund.

(r)    To invest or reinvest such portions of the Fund as are not required for current expenditures or reserves in any manner as appropriate under the standard of care required in this Agreement. Those investments may include every kind of property, real, personal or mixed, as may be legal for the investment of trust funds under the laws of the United States, including ERISA, as amended.

(s)     To enter into, and to cause to be entered into, any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Trust and to do all acts as the Trustees, in their discretion, may deem necessary or advisable.

(t)     To exercise their full discretionary authority to interpret the provisions of this Agreement and the terms used herein.  Any interpretation adopted by the Trustees in good faith shall be binding upon the Unions, the Associations, the Employers, the Participants and Beneficiaries.

(u)     To prepare, and cause to be prepared, such annual reports concerning the affairs of the Trust and/or the Plan, as the Trustees in their discretion may deem necessary or advisable, and to furnish such reports to such parties, in addition to the Union, Employers and the Trustees, as the Trustees in their discretion may deem appropriate and advisable.

(v)     To purchase insurance, including fidelity bonds, to cover liability or losses occurring by reason of the act or omission of any individual Trustee, other fiduciary, or agent of the Trust Fund, and to secure fidelity bonds for all fiduciaries and for all other people who handle money, as required by the laws of the United States; provided, however, that such insurance must permit recourse by the insurer against the Trustee or other fiduciary whose breach of a fiduciary obligation results in such loss or liability.  Nothing herein shall be construed, however, to prohibit any Trustee or other person or entity in a fiduciary relationship under the Trust from purchasing insurance to cover liability for his or her own account; or the Union, Employers, or Associations from purchasing insurance to cover liability of persons who serve in a fiduciary capacity pursuant to appointment by them.

(w)     To adopt and prescribe, to change from time to time, and to enforce, reasonable rules and procedures, which shall not be inconsistent with the provisions of this Trust Agreement, governing the reporting and paying of Contributions, the

entitlement to benefits, the method of applying for benefits, and any and all other matters in connection with the Fund and the Plan. The Trustees may require any Association, any Employer, any Union, and any Participant and any Beneficiary of the Trust, to provide any reasonable information, data and documents relevant and suitable for the purposes of the administration of the Trust.

(x)    To delegate to the Third-Party Administrator of said Trust or the attorneys of said Trust authority to enforce the provisions of subsection (w) above by lawsuits or otherwise.

(y)    To exercise their full discretionary authority to decide all claims or disputes regarding the right, type, amount or duration of benefits, eligibility for benefits, and claims to any payment from this Trust, which decision of the Board of Trustees on any matter within its discretion shall be final and binding on all parties as to the rights of any Participant or Beneficiary, and/or the obligations of any Employer.

(z)    To enforce the payment of any Contributions or other amounts payable or recoverable hereunder and otherwise to enforce the obligations of Employers hereunder.

(aa)   To authorize any person or group of persons who may be serving in one particular fiduciary capacity with respect to the Plan (as fiduciary is defined in ERISA) to serve, at the same time, in another fiduciary capacity with respect to the Plan; and to authorize any fiduciary with respect to the Plan to employ one or more persons to render advice with regard to any responsibility of such fiduciary under the Plan; and to authorize any person serving in a fiduciary capacity with respect to control or management of the assets of the Plan to engage or appoint an investment manager or managers to manage (including the power to acquire and dispose of) any assets of the Plan.

(bb)   To authorize attendance by specified Trustees and alternate Trustees and Trust employees and agents at conferences, seminars and other educational programs pertaining to ERISA or pertaining to any other aspect of proper trust fund operation or administration; and to reimburse such Trustees, employees and agents for reasonable expenses incurred in that regard.

(cc)   To negotiate and enter into merger agreements with other trust funds in accordance with applicable law.

(dd)   To recover monies paid on behalf of persons who are not eligible Participants or Beneficiaries.

(ee)   To delegate duties as the Trustees reasonably deem appropriate to individual Trustees, subcommittees of the Board of Trustees, or to persons other than named fiduciaries.

(ff)   To maintain any and all actions or legal proceedings which may be deemed necessary for the protection of the Trust Fund, or to effectuate the administration of the Trust or the Plan, or to secure the benefits contemplated hereby, and in connection therewith to compromise, settle or release claims on behalf of or against the Trust Fund and/or the Trustees upon such terms and conditions as the Board of Trustees determines would be in the interests of the Trust Fund and its Participants and Beneficiaries; provided, however, that no such compromise or release shall in any way compromise, settle or release any Employer from any liability incurred by breach of a Collective Bargaining Agreement, except as to the liability to this Trust Fund.

(gg)   To amend the Trust Agreement to remove any association that fails to remain signatory to a Collective Bargaining Agreement as a party to the Trust Agreement and to terminate any and all rights which such non-signatory association may have under the Trust Agreement.

(hh)   To adopt rules and regulations as appropriate for the administration of the Trust Fund and the Plan and for any and all matters affecting the Trust Fund or the Plan.

(ii)   To adopt procedures under which audits of Employer Contributions will be conducted pursuant to this Trust Agreement.

(jj)   To adopt procedures and policies governing the collection of all Employer Contributions, including delinquent Contributions, which shall be binding upon the Associations, the Employers and the Union.

(kk)   To contract with the Union for services necessary for the administration of the Trust Fund, and to compensate it the costs and expenses for such services, including such pro rata part of its general operating costs as the Board of Trustees shall determine to result directly from the performance of services for the Trust Fund, provided that such compensation shall be on a strictly budgeted basis and accounted for periodically by the Union.

(ll)   To determine whether it will accept participation of any Employer pursuant to a Collective Bargaining Agreement if it is determined that such participation would be inconsistent with the purposes and structure of the Trust Fund or would negatively impact the financial condition of the Trust.

**Section 6.04      Adoption of Health and Welfare Plans**

The Trustees are expressly empowered to amend or terminate the Plans now offered or to adopt other plans, provided that such other plans are in full compliance with applicable federal laws.

Page 21

**Section 6.05        Finality of Decisions**

Any decisions or determinations of the Board of Trustees, which are not inconsistent with this Agreement or with the Plan, on any matter within their powers, including the adoption of any and all terms and provisions of the Plan, and the rights of any Participant or Beneficiary or any other person asserting a claim under a Plan, shall be final and binding upon all parties. The Board of Trustees will have the fullest possible discretion in making all such decisions and determinations.

**Section 6.06        Amendments**

The Trustees shall have the power to make such amendments to this Trust Agreement as in the discretion of said Trustees appear reasonable or necessary.

**Section 6.07        Trustees' Power to Borrow, Pledge, Assign and Hypothecate**

The Trustees shall have power to borrow money to carry out the purposes of this Trust Agreement and may pledge, assign, or hypothecate any of the rights or assets of the Trust to secure the loan by majority vote of the Trustees.

**Section 6.08        Records and Information; Annual Audit and Report**

The Board of Trustees shall maintain proper books of account and records of its administration of the Trust. The books of account and records of the Trustees shall be audited at least once each year by a qualified certified public accountant to be selected by the Trustees. The Trustees shall also make all other reports required by law. A statement of the results of the annual audit shall be available for inspection by persons who have a legal right to do so, at the office of the Trust Fund or at such other place as they may designate from time to time.

**Section 6.09        Other Reports**

From time to time the Trustees may report to the Interested Parties under this Trust Agreement any action taken or omitted, or any events occurring in the administration of this Trust.

**Section 6.10        Fiduciary Duties; Standard of Care**

The Trustees, and any other fiduciaries (as defined in ERISA) with respect to the Plan, shall discharge their duties solely in the interest of the Participants and Beneficiaries and for the exclusive purposes of providing benefits to such Participants and Beneficiaries and defraying reasonable expenses of administering the Plan.  Such duties shall be discharged with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.  Such duties shall include the diversification of investments of the Plan so as to minimize the risk of large losses, unless, under the circumstances, it is clearly not prudent to do so.

**Section 6.11        Prohibited Transactions**

Anything herein to the contrary notwithstanding, this Plan and Trust shall not engage in any prohibited transaction described in ERISA.

**Section 6.12        Addition of Participants Not Represented by the Union**

The Board of Trustees shall have the power to vote from time to time to permit the participation of Employees working under the collective bargaining agreements of labor organizations other than the Union.  Participation on this basis will:

(a)    require a written request by the labor organization that will specify the benefit package being requested for the new Participants;

(b)    be permitted only upon execution of a Subscription Agreement by each employer, in a form approved by the Trustees; and

(c)    be subject to such other rules as are adopted from time to time by the Trustees.

**Section 6.13        Resolution of Disputes Concerning Beneficiaries**

If any dispute or question arises concerning the Participants or Beneficiaries to whom any benefits should be paid, or to whom any other assets of the Trust Fund should

be delivered, the Trustees may withhold action until the dispute or question is determined under the appropriate provisions of this Trust Agreement and applicable provisions of law.

### Section 6.14        Expedited Arbitration of Claims against Employers

The Trustees, in their sole discretion and pursuant to procedures established by them, may refer any claim against an Employer to final and binding expedited arbitration subject to the following:

(a)     At least twenty (20) calendar days prior to referral to arbitration, an Employer shall receive a written notice of the claim with a statement of the requested remedy, including a statement of any amount due.  If no settlement is reached during such period, the Employer shall be notified either by personal service or certified mail of the Trustees' referral of the claim to arbitration, and such notice shall contain the date, time and place set for the arbitration hearing.  If, after such notice, any Employer fails to appear or show cause why the arbitration should not proceed, the arbitrator shall be, and is, hereby empowered to enter a default award against said Employer, which award shall include costs of collection, costs of the action, and fees including collection fees and attorneys' fees.

(b)     The arbitrator for each case referred to arbitration shall be selected from a panel established by the Trustees.   The Trustees will maintain a current list of the arbitrators on the panel at the offices of the Third Party Administrator.  The Trustees shall fill any vacancy which may occur on the panel.  Cases shall automatically be assigned to the arbitrators in the order their names are listed; provided that, in the discretion of the Trustees, the arbitrator who is next in order at any time may be assigned more than one case to be heard on the same or succeeding days; and provided further that, if the arbitrator next in order is unavailable to conduct the arbitration within sixty (60) days, then the case or cases referred to arbitration shall be assigned to the next available arbitrator following in order.

(c)     The arbitrator, and not any federal, state or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Trust Agreement, including, but not limited to, any claim that all or any part of this Trust Agreement is void or voidable.  The arbitrator, and not any federal, state or local court or agency, shall have the exclusive authority to resolve any dispute concerning the arbitrability of any claim.

(d)     The arbitrations hereunder shall be conducted in an expedited manner and no transcripts shall be prepared or briefs filed.  The arbitrator's award shall be in writing and shall be issued no later than ten (10) calendar days following the close of the hearing.  Except as otherwise provided by this Trust Agreement, all such arbitrations shall be conducted pursuant to the California Arbitration Act (CCP §§ 1280, et seq.).

(e)     All arbitration awards shall provide that the loser shall pay all fees and costs, including costs of collection, attorneys' fees and the arbitrator's fees.  If the arbitrator rules that any monies are due or that the Employer has not fully complied with all Trust Fund requirements, the Employer shall be deemed the "loser" for purposes of this provision.

## ARTICLE VII - LIABILITY OF TRUSTEES

**Section 7.01        Limitation on Trustee Liability; Indemnification of Trustees**

(a)     The Trustees shall incur no liability in acting upon any papers, documents, data, or information believed by them to be genuine and accurate and to be made, executed, delivered, or assembled by the proper parties.  The Trustees shall incur no liability for any act concerning which they rely upon the opinion of legal counsel and/or other professionals employed by the Trust.  The Trustees shall not be liable for any action taken or omitted by them in good faith, nor for the act of any agent, employee, consultant, or attorney selected by the Trustees with reasonable care. The Trustees may delegate any of their ministerial powers to any of their agents or employees.  No Trustee shall be liable for any act or omission of any other Trustee.

(b)     Nothing in this Agreement shall be construed to enlarge the liabilities of the Trustees beyond what is required of them under the provisions of ERISA, as amended. The Fund shall exonerate, reimburse, indemnify and hold harmless the Trustees individually and collectively against any and all liabilities and reasonable expenses arising out of the Trusteeship, including attorneys' fees for a defense against civil or criminal liability, to the fullest extent permitted by law, save and except as to the individual Trustee or Trustees, only such liabilities and expenses as may arise out of their misconduct or their failure to perform the fiduciary duties of their trust as defined in ERISA.  Any final judgment against the Trust Fund, the Plans, or the Trustees which requires the payment of any benefits, credits or other monies to a Participant, a Beneficiary, or their heirs or assigns shall, to the extent not covered by another source of recovery, be the sole liability of the Trust Fund.  If an investment manager has been appointed pursuant to this Trust Agreement, no Trustee or Third-Party Administrator shall be liable for the acts or omissions of such investment manager or be under an obligation to invest or otherwise manage any assets of the Plans which are subject to the management of such investment manager.     Nothing in this Section shall relieve any Trustee or Third-Party Administrator from liability for any judgments based on breaches of fiduciary duty by said Trustees or Third-Party Administrators.  The Trustees shall take all necessary steps to ensure that appropriate fiduciary insurance is in place at all times to protect the Trust Fund and the Plan from losses.

**Section 7.02       Additional Limitation of Liability**

Neither the Associations, the Employers, the Union, nor any of the Trustees shall be responsible for or liable for:

(a)     The validity of this Trust Agreement, or the Plan.

(b)     The form, validity, sufficiency, or effect of any contract or policy for benefits which may be entered into or purchased.

(c)     The act of any person or persons which may cause the termination, rescission or other invalidity of any of the instruments mentioned in this Section.

(d)     The inability of the insurance carrier or the Trust Fund, or the insufficiency of the assets of either, to pay any benefits.

(e)     Any delay occasioned by any restriction, or provision in the Trust Agreement, the rules and regulations issued thereunder, any contract procured in the course of the administration of the Trust, or by any other proper procedure in the administration of the Trust.

(f)     The making, retention, or sale of any investment or reinvestment made as provided in this Trust Agreement, nor for any loss or diminution of the Trust corpus, except due to the willful misconduct of a Trustee.

## ARTICLE VIII - EMPLOYER CONTRIBUTIONS

### Section 8.01     Contribution Reports

By the due date, each Employer shall submit accurate monthly contribution reports along with the required Contributions.  Any and all monies paid in benefits by the Trust Fund resulting from inaccurate reporting by an Employer are the responsibility of, and are recoverable from, the Employer.

### Section 8.02     Contributions Required

(a)     Each Employer shall contribute to the Fund such sums of money as shall be required by Collective Bargaining Agreements, by Subscription Agreements, by this Agreement, and by such rules of the Board of Trustees as are not inconsistent with this Agreement.

(b)     Each Employer is solely responsible for transmitting to the Trust Fund the entire Contribution, including any employee share.  The Employer shall be responsible for

collecting the employee share, if any.   Failure by the Employer to obtain the employee share, by payroll deduction or otherwise, does not relieve the Employer of its obligation to transmit to the Trust Fund the entire Contribution amount for eligible employees.

(c)     The payment of money by an Employer to an Employee as an attempt to create a substitute for the payment of Contributions to this Trust Fund shall not relieve the Employer of any obligation to this Trust Fund.

**Section 8.03          Due Date for Contributions and Reports**

All Employer Contributions to the Trust Fund shall be due on the tenth (10th) day of the calendar month following the month in which the employee has worked.   Any Contributions not received at the Trust Fund's designated lock box by the twentieth (20th) day of the calendar month following the month in which the employee has worked shall be considered untimely and delinquent.

**Section 8.04          Failure to Make Required Contributions**

The failure of any Employer to make any required Contributions to the Trust Fund prior to delinquency shall be deemed a breach of this Trust Agreement, and a breach of the Collective Bargaining Agreement or Subscription Agreement, by such Employer, and such Employer shall thereupon be personally and directly liable to each of his employees for whatever benefits such employees may be denied by reason of such failure.   However, no Employer shall have any personal or individual liability to any employee by reason of the failure to make required Contributions to the Trust Fund, if such failure is due to an honest mistake or inadvertence and does not deprive any employee of the benefits to which he is entitled under this Trust.

**Section 8.05          Interest**

Any Employer who fails to pay any Contributions timely or who fails to pay any other obligations to the Trust shall be liable to the Trust Fund for the full amount thereof, plus simple interest thereon at the greater of (i) seven percent (7%) per annum, or (ii) the rate

prescribed by Section 6621(a)(2) of the Internal Revenue Code, from the date such Contributions or other monies were due until paid.

**Section 8.06       Liquidated Damages**

(a)    The regular and prompt payment of Contributions and other monies to the Trust Fund is essential to the maintenance of the Trust Fund, and it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the Trust Fund which would result from the failure of an Employer to pay the required monies timely and in accordance with this Trust Agreement and the policies and procedures adopted by the Trustees.  Therefore, it is agreed that the amount of damage to the Trust Fund resulting from any such failure shall be presumed to be (i) $200, if the Contributions or other monies are received by the Trust Fund within two business days of the date on which such monies were due and unpaid, or (ii) ten percent (10%) of the Contributions or other monies, if such monies are not received by the Trust Fund within two business days of the date on which they were due and unpaid. This amount shall become due and payable to the Trust Fund by such Employer as liquidated damages and not as a penalty immediately following the date the Contributions become delinquent, and shall be in addition to the required Contributions, and any other charges, interest, collection costs and attorneys' fees. Interest shall accrue on such liquidated damages at the rate set forth in Section 8.05 above.  The Employer shall remain liable for the payment of all liquidated damages and interest, even if it makes full payment of the delinquent Contributions or other monies.

(b)    If the Trust Fund files a legal action to collect unpaid Contributions or other monies, unpaid liquidated damages or unpaid interest, the liquidated damages for any Contributions still unpaid on the date the legal action is filed shall be increased to twenty percent (20%) of the Contributions which are due and unpaid.  Interest shall accrue on such liquidated damages at the rate set forth in Section 8.05 above. For any late Contributions to be deemed paid prior to the filing of a legal action, the Trust Fund must have received cash, a cashier's check, a certified check, or a

Page  29

money order, or, in the case of an ordinary check, actual payment into the Trust Fund's account from the Employer's bank by the end of the last business day before the day on which the lawsuit is filed.

**Section 8.07        Collection Actions**

If any Employer fails to make any Contributions timely or to pay any other obligations to the Trust, the Board of Trustees may take such legal or other action as it sees fit to enforce collection.  In such event, the Employer shall be liable for all reasonable expenses incurred by the Board of Trustees in taking such action, including but not limited to court costs, arbitration fees, costs or fees of collection agents, auditing fees, accountants' fees, costs of attachment bonds, all legal expenses and costs, attorneys' fees and reasonable compensation for employees or agents of the Trust Fund incurred in connection therewith.  If the Trust Fund files a legal action to collect Contributions, liquidated damages, interest and/or other monies owed to the Trust or to compel an audit, venue shall be proper in the United States District Court for the Northern District of California.

**Section 8.08        Improper Payments**

If it is determined by the Board of Trustees that an Employer has paid monies to the Trust Fund on behalf of a person who was not eligible as a Participant ("Improper Payments"), the Employer shall be liable to the Trust Fund for the cost of any benefits provided in excess of the payments made by the Employer on behalf of such person, and such amount, plus liquidated damages, interest, attorneys' fees and costs as provided in this Article shall be recoverable from the Employer.  If the Trust Fund incurs any loss or damages as a direct or indirect result of such Improper Payments by an Employer, including but not limited to the payment of benefit claims for ineligible persons, the Board of Trustees has sole authority to charge the Employer for such loss and/or damages.

**Section 8.09        Scope of Employer Liability**

The liability to the Trust of any Employer shall be limited to the payments required to be made under the Collective Bargaining Agreement or under a Subscription Agreement,

monies paid on behalf of persons who are not eligible Participants or Beneficiaries, and the additional lost benefits, interest, liquidated damages, costs and expenses expressly specified in this Trust Agreement. In no event shall any Employer be liable or responsible for any portion of any Contribution due from any other Employer. However, if any Employer joins with one or more employers that are not Employers under this Agreement, to perform work covered under the Employer's Collective Bargaining Agreement, that Employer shall be liable for the payment of Contributions to this Trust Fund as though all the employees of all the employers so joined were employees of the Employer.

## Section 8.10     Continuation of Contributions During Negotiations; Employer Withdrawal

Each Employer agrees that, in consideration of participating in the Trust Fund, it shall continue to make Contributions to the Trust Fund on behalf of its employees at the rate set by the Trust Fund following termination of any of its Collective Bargaining Agreements while negotiations continue for a new Collective Bargaining Agreement and until impasse is reached or a new Collective Bargaining Agreement is signed. Further, the Employer shall continue to make such Contributions until such time as the Employer notifies the Trust by certified mail (with a copy to the Union) that the Employer is no longer under a legal duty to make Contributions to the Trust. The Employer shall set forth in the required written notice to the Trust the specific basis upon which the Employer is relying in terminating its obligation to make Contributions to the Trust. The Trust Fund may enforce the Employer's obligation to continue making Contributions through an action to collect delinquent Contributions and/or other monies due filed in the United States District Court for the Northern District of California or through a charge filed with the National Labor Relations Board.

## Section 8.11     Credit or Refund

(a)     An Employer shall be entitled to a credit for or a refund of money paid to the Trust by reason of clerical or administrative error as to the amount owed to the Trust Fund, if that Employer has no unpaid obligations to the Trust Fund, to the extent

Page 31

permitted by law and to the extent that such refunds do not adversely affect the actuarial soundness or administration of the Plan.

(b)     The Board of Trustees may prescribe reasonable regulations and limitations as to the time for filing requests for refunds and the manner or procedure for making credits or refunds, including a formula for calculating the amount of credit or refund due. All contributing employers shall be bound by the determinations of the Board of Trustees regarding credits and refunds.

(c)     The Trust Fund has no obligation to attempt to obtain from a service provider any credit or refund of monies paid to such provider as a result of an Employer's error.

**Section 8.12        Employer Information; Discrepancies in Data**

Each Employer shall furnish the Trustees such information as the Trustees may require or the corporate fiduciary may need in connection with the administration of the Trust. In the event of an alleged discrepancy in Employer Contributions to the Trust or in any other data required from the Employer by this Agreement, the Trustees shall, in writing, notify the Employer of such alleged discrepancy and the period of time that the discrepancy is claimed to cover. On receipt of such notice, the Employer shall promptly furnish to the Trustees any data requested that pertains to such alleged discrepancy.

**Section 8.13        Auditing of Employer Contributions**

(a)     The Trustees are hereby authorized from time to time to cause an audit of the records of any Employer by an auditor of the Trustees' own selection for the purpose of determining the accuracy and sufficiency of payments made by the Employer to the Trust Fund and otherwise determining whether the Employer has complied with all Trust Fund requirements. Upon notice in writing from the Board of Trustees or an authorized agent of the Board, each Employer shall permit any auditor appointed by the Board to enter upon his, her or its premises at a reasonable time during business hours, to examine and copy such books, records and documents of such Employer as may be necessary to determine whether the

Employer has made full payment of all sums required to be paid by that Employer to the Fund. As the purpose of such an audit would be defeated if it were limited in any way, the Employer may not limit the scope of the audit to the records concerning those employees the Employer deems to be performing covered employment.

(b)     The following documents are necessary for the completion of an audit pursuant to this Section:  the Employer's quarterly tax returns to the state and federal government, including California Forms DE-6 and IRS Forms 941; payroll journals; individual earnings records and time cards for all employees; general check registers; and workers' compensation insurance reports for all employees. Upon the auditor's certification that further documents are necessary to complete an audit, the Employer shall be required to produce any of the following documents as specified by the auditor and approved by the Board of Trustees:  general ledgers; bank statements; canceled checks; IRS Forms W-2, W-4, 1096, and 1099; cash receipts journals; cash disbursement journals; financial statements; invoices; contracts; federal and state income tax returns; and any other records which the auditor deems necessary or relevant to complete the audit.

(c)     In the event the Employer refuses to voluntarily submit to said audit, the Employer shall be liable for all court costs and attorneys' fees incurred by the Trustees in compelling the conduct of said audit.  If such audit discloses any deficiency in Contributions and/or other monies owed to the Trust Fund, the Employer shall immediately pay to the Trust Fund the amount found due, plus liquidated damages and interest at the rates set forth above in this Article VIII.  The entire cost of such audit shall be paid by the Trust Fund, except that if the amount found due by the audit is ten percent (10%) or more of the Contributions which should have been made, the costs of such audit shall be paid by the Employer.  Any Employer who cancels an audit without at least two (2) business days' notice, or who fails to provide the required documents, shall be liable for the costs caused by that delay or that failure whether or not the audit reveals any further Contributions due.  In the

event that an audit is performed at a location more than 150 miles from the Trust Fund office, the Employer shall pay all costs incurred by the Trust Fund's auditor for transportation, meals and lodging in connection with the audit.

## ARTICLE IX - AMENDMENT AND TERMINATION

**Section 9.01        Amendment of Trust Agreement**

This Trust Agreement may be amended at any time by a written instrument duly executed by the Trustees, provided that no such amendment shall:

(a)     Invest or reinvest any part or interest in the Trust Fund in any Employer, the Union, any employee, any Participant, Beneficiary or any other Interested Party.

(b)     Cause the assets of the Trust Fund to be diverted for any purposes other than those stated in Section 3.03 of this Trust Agreement.

(c)     Discriminate in favor of employees of any Employer who are officers, shareholders, persons whose principal duties consist of supervising the work of other employees, or highly compensated employees of such Employer.

Any amendment shall be effective as of the date on which it is approved in writing by the Trustees, or as of any other date selected by the Trustees as the circumstances require.

**Section 9.02        Authorization of Trustees**

Each Employer who is or becomes a party hereto, and the Union, and each present and prospective Participant or Beneficiary who is or may become at any time entitled to receive benefits, authorizes the Trustees to amend or terminate this Trust Agreement as herein provided.

**Section 9.03      Limitations of Modifications and Amendments**

If the Trust Agreement is modified or amended, then the Trustees and each of them shall have the option to accept the modification or amendment and continue in office, or to resign.  No modification or amendment shall retroactively increase the duties, obligations, responsibilities or liabilities of the Trustees or any of them.  No modification or amendment shall prospectively increase the duties, responsibilities or liabilities of the Trustees, or any of them, without their consent.

**Section 9.04      Conformation of Trust Agreement to Governing Law**

It is contemplated that the provisions of this Trust Agreement shall at all times be and remain in compliance with all applicable Federal and State laws, rules and regulations. Accordingly, this Trust Agreement will be promptly amended in any respect necessary to make its provisions conform with these laws, rules and regulations.  Any such amendment shall be made effective on the date it is approved in writing by the Trustees or shall be made effective retroactively as of an earlier date as the circumstances require to conform with said laws, rules and regulations.

**Section 9.05      Obligations of Employers**

This Trust is irrevocable.  However, no Employer who now or hereafter becomes a party hereto shall, by reason of the fact, assume any contractual obligation as to the continuance of the Trust and each Employer at any time and for any reason may discontinue participation in the Trust and the making of Contributions to the Trust Fund, unless such Employer is contractually bound to do otherwise under a Collective Bargaining Agreement or a Subscription Agreement.

**Section 9.06      Discharge of Obligations or Termination**

This Trust may be terminated at any time by a written instrument duly executed by the Association and the Union Trustees.  Upon receipt of satisfactory proof that this Trust has been terminated for any reason, the Trustees shall promptly pay and discharge all existing obligations and shall expend and use the balance of the Trust Fund for the continuance of one or more benefits of the type theretofore provided the Participants and

Beneficiaries.  If the obligation of all Employers to make Contributions shall terminate, the Trustees shall apply the assets of the Fund for the purposes stated in Section 3.03 of this Agreement.

**Section 9.07        Distribution of Assets upon Merger; Successor Trust Fund**

In lieu of termination of the Trust Fund under Section 9.06 of this Agreement, the Board of Trustees shall have the power to merge the Fund with another health and welfare trust fund established by the Unions and by Employers of the employees represented by the Unions, for the purpose of providing the types of benefits which the Participants and Beneficiaries would have received under the Plan.  The Board may also distribute any surplus assets to a successor health and welfare trust fund established by the Union and Employers.

## ARTICLE X - REPORTS

**Section 10.01        Information to be Furnished to Participants and Beneficiaries**

The Third-Party Administrator (or if there is none, the Trustees) shall cause to be furnished to each Participant and to each Beneficiary receiving benefits under the Plan a summary plan description, and such other information as is required by ERISA and other applicable law and regulations.

**Section 10.02        Information to be Filed with Secretary of Labor**

The Third-Party Administrator (or if there is none, the Trustees) shall cause to be filed with the Secretary of Labor annual reports and such other reports as are required by ERISA and other applicable law and regulations.

## ARTICLE XI – MISCELLANEOUS

**Section 11.01        Federal and California Law Applicable**

The interpretation of this Agreement and of the Plan shall be governed by the laws of the United States to the extent applicable and otherwise by the laws of the State of

California.  This Agreement and the Plan shall be construed to be in accordance with those laws if at all possible.

**Section 11.02        Severability of Provisions**

If any provisions of this Trust Agreement, the rules and regulations made pursuant thereto, or any other procedure concerning the administration of this Trust  Agreement is held illegal or invalid for any reason, then this illegality or invalidity shall not affect the remaining portions of the Trust Agreement, the rules and regulations or procedures adopted by the Trustees.  The Trust Agreement, the rules and regulations and procedures shall be construed and shall remain in force as if the illegal or invalid portions had never been inserted or established, if the remaining portions will enable the objectives and purposes of the Trust Agreement to be accomplished.  Should any of the provisions of the Trust Agreement, or rules and regulations or procedures, be declared illegal or invalid, the appropriate parties shall immediately adopt a new provision to take the place of the provision declared illegal or invalid.

**Section 11.03        Notice**

Any notice required to be given under the terms of this Agreement shall be deemed to have been duly given if delivered personally to the person or organization to be notified, or if sent by first-class mail to such person or organization at his, her or its last known address as shown in the records of the Board of Trustees.  The Trust Fund's record of any mailing shall be conclusive record of receipt.

**Section 11.04        Agreement Subject to Tax Regulations**

The payments into the Trust Fund are being made by Employers upon the condition and understanding that all payments made by the Employers into the Fund are, and will continue to be, legally deductible and allowable as business expenses for tax and all other purposes, and that the same are not taxable to the employees concerned as compensation.  In the event that it is determined by any appropriate agency or court, or in the event that any applicable law, regulation, ruling or policy provides that such payments are not so deductible or allowable, or are taxable to the employee, then the Employer

Page  37

Trustees or the Union Trustees may reopen this Trust Agreement, upon ten (10) calendar days' written notice to the other group of Trustees, for negotiation of any amendment to, or modification of, to said Agreement as may be necessary to accomplish the objective herein stated.

### Section 11.05     Confidentiality of Trust Fund Documents

Except as necessary for the proper administration of the Trust Fund and the Plan, all documents and information in the possession of the Trust Fund are confidential, and shall not be made public or used for any purpose except as the Board of Trustees may find necessary to, or useful in, the administration of the Trust Fund or of the Plan.   This provision shall not be construed to prohibit any Trustees from examining documents of the Trust Fund, or to prohibit the preparation and publication of statistical data and summary reports as required by law, or to prohibit delivery of copies of the minutes of the meetings of the Board of Trustees to the individual Trustees or to the Union for the information of the members.

### Section 11.06     Gender and Number

Under this Trust Agreement the masculine shall include the feminine. The singular shall include the plural, and the plural the singular, as the sense of the provision may suggest.

### Section 11.07     Claims; Exhaustion of Remedies

No person shall have any legal or equitable right or claim against the Associations, the Employers, the Union, the Trustees, or any other signatory to this Agreement unless the right or claim is specifically provided in this Trust Agreement, as it may be amended from time to time, or is conferred by affirmative action of the appropriate Trustees by authority specifically delegated to them.  No Interested Party may bring any action in any court on any matter arising out of this Trust Agreement, the determination of which is otherwise provided for in this Trust Agreement, until the procedure provided in this Trust Agreement shall have been exhausted and a decision made with respect to it.

IN WITNESS WHEREOF we have executed this Restated Trust Agreement on the day and year first written above.

This Agreement may be signed in multiple counterparts.

**UNION TRUSTEES:**

**EMPLOYER TRUSTEES:**

Andrea Dehlendorf

Tim Brekke

Charles Gilchrist

George Hernandez

Olga Miranda

Ray Nann

Mark Sharwood